## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUSVILLE DIVISION

**ARON CONAWAY,**

**Plaintiff,**

**v.**

**LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT, *et al.*,**

**Defendants.**

Civil Action No. 3:21-CV-474-DJH
**THIRD AMENDED COMPLAINT &
JURY TRIAL DEMAND
(ELECTRONICALLY FILED)**

## PRELIMINARY STATEMENT

Comes now Plaintiff, Aron Conaway, by and through legal counsel, David R. Johnson, of the Law Office of David Ross Johnson, PLLC, and Jeffrey A. Gorski, of the Gorski Law Office, P.S.C., and for his federal cause of action against the above-named and unknown Defendants for their violations and deprivations of his Civil Rights, under the Constitution of the United States of America and the Commonwealth of Kentucky, does state the following.

## PARTIES

1.   Plaintiff Aron Conaway ("Plaintiff") is a citizen of the United States and currently resides in Louisville, Kentucky.

2.   Defendant Louisville/Jefferson County Metro Government ("City of Louisville"), is a municipality organized and existing under the laws of the Commonwealth of Kentucky. Defendant City of Louisville, acting through the Louisville Metropolitan Police Department ("LMPD"), is responsible for the policy, practice, supervision, implementation, and conduct of all LMPD matters, including the appointment, training,

1

supervision, and conduct of all LMPD personnel. In addition, the City of Louisville is responsible for enforcing the rules of the LMPD and ensuring that LMPD personnel obey the laws of the United States and the Commonwealth of Kentucky.

3.    Defendant Greg Fischer is the Mayor of the City of Louisville. In that capacity, he is responsible for implementing the policy, practice, supervision, implementation, and conduct of all LMPD matters, including the appointment, training, supervision, and conduct of all LMPD personnel. In addition, Defendant Fischer is responsible for enforcing the rules of the LMPD and ensuring that LMPD personnel obey the laws of the United States and the Commonwealth of Kentucky.

4.    Defendant Robert Schroeder was the Interim Chief of the Louisville Metropolitan Police Department ("Interim Chief" or "Schroeder"). Defendant Schroeder was appointed to this role on or about May 29, 2020. Before his appointment as Interim Chief, Defendant Schroeder was Deputy Chief of the Louisville Metropolitan Police Department. In his capacity as both Interim Chief and Deputy Chief, he is responsible for implementing the policy, practice, supervision, implementation, and conduct of all LMPD matters, including the appointment, training, supervision, and conduct of all LMPD personnel. In addition, Defendant Schroeder is responsible for enforcing the rules of the LMPD and ensuring that LMPD personnel obey the laws of the United States and the Commonwealth of Kentucky, including by conducting thorough and expeditious investigations into officer misconduct. At all relevant times, Defendant Schroeder was acting within the scope of his employment and under color of state law.

5.    Defendant LaVita Chavous is an Assistant Chief of the Louisville Metropolitan Police Department ("Assistant Chief" or "Chavous"). In that capacity, she is responsible for

implementing the policy, practice, supervision, implementation, and conduct of all LMPD matters, including the appointment, training, supervision, and conduct of all LMPD personnel. In addition, Defendant Chavous is responsible for enforcing the rules of the LMPD and ensuring that LMPD personnel obey the laws of the United States and the Commonwealth of Kentucky, including by conducting thorough and expeditious investigations into officer misconduct. At all relevant times, Defendant Chavous was acting within the scope of her employment and under color of state law.

6.   Defendant, Officer Joseph Berg (badge no. 7817, "Officer Berg") is a police officer employed by the City of Louisville. In this role, Defendant, Officer Berg, is, or was, a duly appointed and acting officer, servant, employee, and/or agent of Louisville. At all relevant times, he was acting within the scope of his employment and under color of state law.

7.   Defendant, Officer William E. Hayes (badge no. 7527, "Officer Hayes") is a police officer employed by the City of Louisville. In this role, Defendant, Officer Hayes, is, or was, a duly appointed and acting officer, servant, employee, and/or agent of Louisville. At all relevant times, he was acting within the scope of his employment and under color of state law.

8.   Defendant, Officer Stacey L. Davenport (badge no. 4223, "Officer Davenport") is a police officer employed by the City of Louisville. In this role, Defendant, Officer Davenport, is, or was, a duly appointed and acting officer, servant, employee, and/or agent of Louisville. At all relevant times, he was acting within the scope of his employment and under color of state law.

9.   Defendant, Officer Michael Pugh (badge no. 5127, "Officer Pugh") is a police officer employed by the City of Louisville. In this role, Defendant, Officer Pugh, is, or was, a duly

appointed and acting officer, servant, employee, and/or agent of Louisville. At all relevant times, he was acting within the scope of his employment and under color of state law.

10.    Defendant, Officer Robert Jones (badge no. 5149, "Officer Jones") is a police officer employed by the City of Louisville. In this role, Defendant, Officer Jones, is, or was, a duly appointed and acting officer, servant, employee, and/or agent of Louisville. At all relevant times, he was acting within the scope of his employment and under color of state law.

11.    Defendants Unknown LMPD Supervisors/Officers, John Does and Jane Does, (collectively, "Unknown Officers" or "Officers") are police officers employed by the City of Louisville. In this role, Defendant Officers are, or were, duly appointed and acting officers, servants, employees and/or agents of Louisville. At all relevant times, they were acting in the scope of their employment and under color of state law.

12.    Plaintiff is suing all Defendants in their official and individual capacities here.

## JURISDICTION & VENUE

13.    This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and Kentucky state law.

14.    Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), and 1367.

15.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (e) because at least some Defendants reside in this district and a substantial part of the acts and omissions giving rise to this action took place in this district.

## JURY TRIAL DEMAND

16.    Plaintiff demands a trial by jury.

## FACTS

17.    On the afternoon of September 23, 2020 about 4:30PM, Plaintiff had just finished voluntarily handing out food to protesters who had assembled in the Highlands neighborhood of Louisville around 4:00 pm.

18.    Plaintiff was at no time relevant hereto demonstrating in protest.

19.    After Plaintiff had handed out all the food in his possession, he prepared to leave the Highlands neighborhood on his scooter.

20.    As Plaintiff was preparing to leave the Highlands on his scooter, he encountered Defendants, Unknown LMPD Officers, including Officer Berg, Officer Jones, Officer Hayes, Officer Davenport and Officer Pugh, arriving at the scene due to the social unrest and gathering of protesters.

21.    As Plaintiff was preparing to leave, he heeded the LMPD officers' "order to disperse" and immediately attempted to leave on his scooter.

22.    As he was immediately attempting to leave, Plaintiff's scooter was knocked over and damaged by Defendant Officer Berg who then jumped on and assaulted Plaintiff.

23.    Subsequently, Officer Berg, Officer Jones, Officer Hayes, Officer Davenport and Officer Pugh and other Unknown LMPD officers assaulted the Plaintiff.

24.    As Defendants, Officer Berg, Officer Jones, Officer Hayes, Officer Davenport, Officer Pugh and other Unknown LMPD Officers, were assaulting Plaintiff, they zip-tied his wrists.

25.    After Defendants zip-tied Plaintiff's wrists and had him pinned to the ground, Officer Berg walked up and sprayed Plaintiff directly in the face with chemical agents.

26.    After Plaintiff was stood up by Defendants, Officer Berg, Officer Jones, Officer Hayes,

Officer Davenport and Officer Pugh and other Unknown LMPD Officers, he was informed he was under arrest and charged with a felony.

27.    Upon informing the Defendants he was severely hurt and needing to go to an emergency room, Plaintiff was told by Defendants he was free to leave with a police citation for a felony which was a clear intentional attempt to deny him their immediate duty in regard to his health and safety.

28.    Defendants, Officer Berg, Officer Jones, Officer Hayes, Officer Davenport and Officer Pugh and other Unknown LMPD Officers then agreed to fabricate charges against Plaintiff and other suspects arrested at the scene as caught on Officer Berg's body camera footage.

29.    All events herein described above were captured by various cameras, including Officer Berg's own body camera, which Plaintiff possesses the footage of.

30.    Plaintiff then left the scene of the incidents and went to seek medical treatment for injuries including a broken rib.

31.    Plaintiff's damaged scooter was then impounded by Defendants.

32.    Before submitting their citation to county prosecutors, Defendants changed the felony charge to a misdemeanor as evidenced by the prosecution's copy of the citation which, as stated above, was a clear intentional attempt to deny him their immediate duty in regard to his health and safety because they hurt him.

33.    On April 6, 2021 in Jefferson County District Court, county prosecutors then dismissed the criminal case against Plaintiff in full with no conditions because the arrest was clearly bogus and without any merit.

34.    Plaintiff, like all other Citizen bystanders, has the liberty and right to use city streets of America freely without being intentionally, and/or recklessly, trapped and assaulted by law

enforcement for no lawful reason whatsoever.

35. Defendants Fischer, Schroeder, and Chavous, acting on behalf of the municipality and municipal police department, expressly and implicitly ratified and encouraged reckless and excessive police force by LMPD, as well as shocking deprivations of due process, throughout 2020 in downtown Louisville by commending LMPD officers publicly for such deprivations of Constitutional Rights which Plaintiff complains of.

36. Specifically, Defendant Fischer defended his and all Defendants' prior decisions and actions to indiscriminately and recklessly attack crowds of peaceful Citizens and Protesters with excessive force and chemical weapons, despite the heinous results, and has consistently refused to take meaningful action to protect peaceful Citizens and Protesters from such unlawful uses of police force, including the Constitutional violations which Plaintiff complains of. *Mayor Greg Fischer's statement on May 29 protests*, LouisvilleKY.Gov (May 30, 2020), https://louisvilleky.gov/news/mayor-greg-fischer%E2%80%99s-statement-may-29-protests.

37. When asked about LMPD's conduct during protests, Defendant Fischer actually conceded that crowds of Citizens and Protesters were nonviolent, but he nonetheless defended LMPD's use of excessive force and chemical agents against them by saying a demonstration "looked like it was going to be taking a turn for the worse," and that police used their best judgment. Darcy Costello, *Breonna Taylor protestors question police tactics used prior to Louisville's curfew time*, Louisville Courier Journal (May 31, 2020, 5:50 p.m.), https://www.courier-journal.com/story/news/politics/metro-government/2020/05/31/breonna-taylor-protesters-question-lmpd-tactics-against-saturday-rally/5300642002/.

38.     Defendant Fischer repeatedly ratified LMPD's indiscriminate and reckless use of excessive force and chemical agents on crowds of peaceful Citizens and Protesters throughout 2020. In a statement on June 2, 2020, Defendant Fischer's spokesperson, Jean Porter, said that although the Mayor was "sorry that some peaceful protesters were caught up in that," LMPD is there "to protect public safety and keep order, and they make the decision to use tear gas when they believe that is in jeopardy." Andrew Wolfson and Darcy Costello, *Mayor Fischer says Louisville welcomes peaceful protest. Why was one cleared with tear gas?,* Louisville Courier Journal (June 2, 2020, 6:36 am.), https://www.courier-journal.com/story/news/2020/.

39.     On July 16, 2020, the Louisville Metro Council opened an investigation into whether Defendant Fischer and LMPD's conduct in response to the peaceful protests warranted Defendant Fischer's removal from office. Madeline Holcombe, Mirna Alsharif and Elizabeth Joseph, *Louisville mayor to be investigated for handling or protestors and Breonna Taylor's case*, CNN (July 16, 2020, 6:38 a.m.), https://www.cnn.com/2020/07/16/us/louisville-investigation-mayor-taylor-protest/index.html.

40.     Defendants Schroeder and Chavous have also ratified unlawful police acts carried out by their LMPD subordinates by letting them continue to happen, being department commanding officers, and making public statements commending LMPD officer efforts during protests of 2020.

41.     LMPD's Standard Operating Procedures also require approval from a commanding officer—such as Defendants Schroeder and Chavous—prior to using any chemical agents. LOUISVILLE METRO POLICE DEP'T, STANDARD OPERATING PROCEDURES

("SOP") § 12.6.5, https://louisville-police.org/DocumentCenter/View/615/Standard-Operating-Procedures-PDF.

42.     Defendants further defended the decision to use excessive force and chemical agents to disperse crowds of peaceful Citizens and Protesters throughout 2020 thereby encouraging further excessive force and use of chemical agents against crowds of peaceful Citizens and Protesters. Darcy Costello, *Breonna Taylor protestors question police tactics used prior to Louisville's curfew time*, Louisville Courier Journal (May 31, 2020, 5:50 p.m.), https://www.courier-journal.com/story/news/politics/metro-government/2020/05/31/breonna-taylor-protesters-question-lmpd-tactics-against-saturday-rally/5300642002/.

43.     On October 22, 2020, the Louisville Metro Council voted in favor of regulating LMPD's use of force due to clear concerns of excessive force, including chemical agents, against peaceful Protesters and Citizens between May 28, 2020 and June 15, 2020. Chad Mills, *Metro Council passes plan to make limits on LMPD's use of force*, WDRB (October 22, 2020), https://www.wdrb.com/news/metro-council-passes-plan-to-make-limits-on-lmpds-use-of-force-city-law/article_b8cd699c-14bd-11eb-81e1-bf072a69a03c.html#:~:text=(WDRB)%20%2D%2D%20After%20much%20debate,a%20 15%20to%2010%20vote.

44.     The Metro Council and its enacted ordinance remained silent on the use of chemical weapons thereby also ratifying, acquiescing, and encouraging LMPD's indiscriminate, intentional, and reckless use of excessive force and chemical weapons against peaceful crowds of Citizens and Protesters between May 28, 2020 and June 15, 2020 in downtown Louisville. *Id.*

45.    As a result of all incidents described herein above and captured on video camera and Officer Berg's body camera, having happened on September 23, 2021 in the Highlands neighborhood of Louisville, Plaintiff suffered bodily injury, physical and emotional pain and suffering, property loss, loss of freedom, and deprivations of his guaranteed Rights as a Citizen under the Constitutions of the United States of America and the Commonwealth of Kentucky as well as property damage.

46.    Plaintiff continues to this day to fear retaliation from the City of Louisville and all Defendants, known and unknown, for exercising various Constitutionally protected liberties and rights, thereby also stifling his protected expression.

47.    Plaintiff continues to this day to suffer anxiety, nightmares, and sleeplessness due to his experiences of the incidents herein described above in Louisville, his native city, involving LMPD.

48.    The actions of all Defendants herein described above were the causes and moving force, in-fact and proximately, of the property damage, bodily injuries, physical and emotional pain and suffering, property loss, loss of freedom, and deprivations of guaranteed Rights as a Citizen under the Constitutions of the United States of America and the Commonwealth of Kentucky.

49.    Plaintiff is hereby seeking damages for loss of property, bodily/mental injuries, and deprivations of his Constitutional Rights caused by all Defendants.

50.    Plaintiff is seeking permanent injunctive relief against all Defendants' indiscriminate and intentional and/or reckless use of crowd control weaponry, including chemical agents, on large crowds of peaceful Citizens including bystanders, press, and protesters.

51.    Plaintiff is also seeking permanent injunctive relief against all Defendants' failures to train,

audit, supervise, and discipline LMPD officers shown by LMPD officers widespread unconstitutional conduct at protest demonstration sites in Louisville throughout 2020 which have led to numerous lawsuits in This Honorable Court.

52. Plaintiff seeks injunctive relief here because all the incidents described hereinabove raise the inference of a real future danger to him, and other peaceful Citizens of Louisville, which thereby stifles the Citizens' use of various guaranteed Rights and Liberties under the Constitutions of the United States of America and the Commonwealth of Kentucky.

### FEDERAL COUNT I:
### VIOLATIONS OF THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION

53. Plaintiff incorporates the allegations in paragraphs 1-52 by reference as if fully set forth herein.

54. At all relevant times, Plaintiff neither demonstrated in protest nor disobeyed/refused any police order.

55. Defendant LMPD Officers nonetheless used excessive force and crowd control weaponry on Plaintiff for no justified reason whatsoever.

56. By assaulting, trapping, and using chemical agents on Plaintiff, Defendants, Unknown LMPD Officers including Officer Berg, Officer Hayes, Officer Davenport and Officer Pugh, subjected Plaintiff both to an unlawful seizure and excessive force.

57. By subjecting Plaintiff to any physical police force at all, Defendants subjected Plaintiff both to an unlawful seizure and excessive force.

58. Defendants Schroeder, Fischer, and Chavous approved of and ratified the conduct of Defendant Officers, and other LMPD officers, who used such force as used on Plaintiff.

59. Defendants Fischer, Schroeder, and Chavous are final policymakers for all matters related to LMPD's conduct. Their decisions regarding LMPD matters constitute the official

policies of Defendant City of Louisville.

60.   LMPD Officers continued to use excessive force indiscriminately on large crowds of Citizens, including peaceful Citizens such as Plaintiff, throughout 2020 during protest demonstrations.

61.   No reasonable law enforcement officer would use such force on a Citizen who was attempting to comply with an officer's order to disperse.

62.   Defendants City of Louisville, Fischer, Schroeder, and Chavous have continued to ratify and approve LMPD's use of excessive force both expressly and by acquiescence thereby establishing an express and/or implied policy/custom of violating Constitutional Rights of Louisville Citizens.

63.   As a direct and proximate result of LMPD's continued use of crowd control weaponry, and other forms of excessive physical force as approved by Defendants City of Louisville, Fischer, Schroeder, and Chavous, Plaintiff, and other such Citizens, will likely be further harmed just by using the city streets of their hometown, Louisville, Kentucky.

64.   As a direct and proximate result of LMPD's continued use of excessive force as approved by Defendants City of Louisville, Fischer, Schroeder, and Chavous, Plaintiff, and other such Citizens, will likely be further stifled in attempting to exercise their guaranteed Rights and Liberties under the Constitutions of the United States of America and the Commonwealth of Kentucky.

65.   As a direct and proximate result of Defendants' conduct, Plaintiff has sustained the injuries detailed above, including the deprivation of Plaintiff's Liberty and his Right to be Free from the Fear of Unreasonable Police Force pursuant to the Fourth Amendment to the Constitution of the United States of America (incorporated by the Fourteenth Amendment).

## FEDERAL COUNT II:
## VIOLATIONS OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION

66.   Plaintiff incorporates the allegations in paragraphs 1-65 herein above by reference as if fully set forth herein.

67.   Plaintiff was given no chance to be heard in court before all Defendants assumed and asserted the additional roles of Judge and Jury on Plaintiff by punishing him anyway with property damage, excessive force, and injury for merely using the streets of his home city, Louisville, Kentucky.

68.   By subjecting Plaintiff, who committed no crime, to any force at all, Defendants LMPD Officers subjected Plaintiff to an unlawful seizure, excessive force, and the shocking denial of Due Process.

69.   Defendants Schroeder, Fischer, and Chavous approved of and ratified the conduct of Defendant LMPD Officers, and other LMPD officers, who have shockingly denied Due Process to such Citizens as Plaintiff.

70.   Defendants Fischer, Schroeder, and Chavous are final policymakers for all matters related to LMPD's conduct. Their decisions regarding LMPD matters constitute the official policies of Defendant City of Louisville.

71.   Officers have continued to use excessive force indiscriminately, intentionally, and recklessly on large crowds of Citizens, including those such as Plaintiff, and shockingly deny them Due Process.

72.   No reasonable law enforcement officer should or would shockingly deny Due Process to such an innocent Citizen as Plaintiff.

73.   Defendants City of Louisville, Fischer, Schroeder, and Chavous have continued to ratify and approve LMPD's use of force and shocking denial of Due Process, both expressly and

by acquiescence.

74. As a direct and proximate result of LMPD's continued denial of Due Process and use of excessive force approved by Defendants City of Louisville, Fischer, Schroeder, and Chavous, Plaintiff, and other peaceful Citizens, will likely be further harmed just by using the city streets of their hometown, Louisville, Kentucky.

75. As a direct and proximate result of LMPD's continued denial of Due Process and use of excessive force approved by Defendants City of Louisville, Fischer, Schroeder, and Chavous, Plaintiff, and other peaceful Citizens, will likely be further stifled in attempting to exercise their guaranteed Rights and Liberties under the Constitutions of the United States of America and the Commonwealth of Kentucky.

76. As a direct and proximate result of all Defendants' conduct, Plaintiff has sustained the injuries detailed above, including the deprivation of Plaintiff's Liberty and his Guaranteed Right to Due Process pursuant to the Fourteenth Amendment to the Constitution of the United States of America.

## FEDERAL COUNT III:
## CONSPIRACY TO VIOLATE THE U.S. CONSTITUTION

77. Plaintiff incorporates the allegations in paragraphs 1-76 herein above by reference as if fully set forth herein.

78. By enacting unlawful policies, using excessive force, agreeing to fabricate charges, and changing the charges of Plaintiff's citation all merely for his using the streets of Louisville, all Defendants unlawfully conspired and agreed, expressly or implicitly, to deny Plaintiff needed medical treatment and his Constitutional Rights as stated above in Federal Counts I & II, as well as deny him redress thereof.

79. By conspiring to use excessive force against crowds of peaceful Citizens, all Defendants

conspired to subject Plaintiff, and other such Citizens of Louisville, to unlawful seizure, excessive force, and the shocking denial of Due Process as well as deny him redress thereof.

80. Defendants Schroeder, Fischer, and Chavous approved of and ratified the conduct of Defendants LMPD Officers, and other LMPD officers, who shockingly denied Constitutional Rights to such peaceful Citizens as Plaintiff.

81. Defendants Fischer, Schroeder, and Chavous are final policymakers for all matters related to LMPD's conduct. Their decisions regarding LMPD matters constitute the official policies of Defendant City of Louisville.

82. Officers have continued to use excessive force, including chemical agents, intentionally, indiscriminately, and recklessly on large crowds of peaceful Citizens, including Citizens such as Plaintiff, and shockingly deny them Due Process throughout 2020.

83. No reasonable person or law enforcement officer would conspire to shockingly deny Due Process to such an innocent Citizen as Plaintiff.

84. Defendants City of Louisville, Fischer, Schroeder, and Chavous have continued to conspire, ratify, and approve LMPD's use of excessive force and shocking denials of Due Process, both expressly and by acquiescence, in making public statements and allowing such excessive force to continue.

85. As a direct and proximate result of all Defendants conspiring to continue using excessive police force and deny Due Process as approved by Defendants City of Louisville, Fischer, Schroeder, and Chavous, Plaintiff, and other peaceful Citizens, will likely be further harmed just by using the city streets of their hometown, Louisville, Kentucky.

86. As a direct and proximate result of all Defendants conspiring to continue using excessive

police force and deny Due Process as approved by Defendants City of Louisville, Fischer, Schroeder, and Chavous, Plaintiff, and other peaceful Citizens, will likely be further stifled in attempting to exercise their guaranteed Rights and Liberties under the Constitutions of the United States of America and the Commonwealth of Kentucky.

87.  As a direct and proximate result of all Defendants' conduct, Plaintiff has sustained the injuries detailed above, including the deprivation of Plaintiff's liberty, his Right to be Free of the Fear of Unreasonable Police Force, and his Guaranteed Right to Due Process pursuant to the Fourth and Fourteenth Amendment to the Constitution of the United States of America.

<u>**FEDERAL COUNT IV:**</u>
<u>**FAILURES TO TRAIN, AUDIT, SUPERVISE, & DISCIPLINE**</u>

88.  Plaintiff incorporates the facts and allegations, *supra*, in paragraphs 1-87 by reference as if fully set forth herein.

89.  Defendants City of Louisville, Mayor Fischer Chief Conrad, Assistant Chief Chavous, and Unknown Commanding Officers were reckless to, or negligently failed to recognize, the need to properly train, supervise, audit, intervene, and discipline all the individually named officers and Unknown Officers, *supra*, under their command, including limitations on the use of police force.

90.  Reasonable law enforcement officers would not act as described herein above with proper municipal policing policies, training, auditing, supervision, and disciplinary procedures.

91.  Defendants LMPD Officers have not been disciplined for their unconstitutional treatment of Plaintiff, and other Louisville Citizens.

92.  The unconstitutional treatment of Plaintiff and other Citizens at protest demonstration sites in Louisville throughout 2020 was so widespread there has to be institutional failures to

train audit, supervise, and discipline LMPD officers.

93.     As a result of all acts, conduct, and/or omissions by all Defendants herein described, Plaintiff's rights under the United States Constitution were violated and Plaintiff suffered serious physical pain and injury as described above.

## COMMONWEALTH COUNT I: BATTERIES

94.     Plaintiff incorporates the allegations in paragraphs 1-93 herein above by reference as if fully set forth herein.

95.     By tackling, gang-beating Plaintiff, and spraying Plaintiff in the face with chemical agents, Defendants LMPD Officers, known and unknown, subjected Plaintiff to forcible physical touching because the tackling, beating, and gas were heard, seen, and/or felt by Plaintiff.

96.     At no point did Plaintiff consent, acquiesce, or otherwise agree to the touching as detailed herein above.

97.     The forcible touching as detailed herein above were in no other way privileged.

98.     As a direct and proximate result of Defendants LMPD Officers' forcible touching, Plaintiff suffered the damages herein alleged, including deprivations of his Rights under both Constitutions of the United States of America and the Commonwealth of Kentucky as addressed herein above.

99.     Defendants, City of Louisville and Mayor Fischer, as the employers of all LMPD officers, are responsible and liable for torts committed by all LMPD officers under the doctrine of *respondeat superior*.

## COMMONWEALTH COUNT II: ASSAULTS

100.    Plaintiff incorporates the allegations in paragraphs 1-99 herein above by reference as if fully set forth herein.

101.   By tackling, gang-beating Plaintiff, and spraying Plaintiff in the face with chemical agents, Defendants LMPD Officers, known and unknown, also subjected Plaintiff to threats of forcible physical touching because Plaintiff perceived incoming physical attacks and directed chemical agents.

102.   At no point did Plaintiff consent, acquiesce, or otherwise agree to the touching as detailed herein above.

103.   As a direct and proximate result of LMPD Officers' forcible touching, Plaintiff suffered the damages herein alleged, including deprivations of his Rights under both Constitutions of the United States of America and the Commonwealth of Kentucky as addressed herein above.

104.   Defendants, City of Louisville and Mayor Fischer, as the employers of all LMPD officers are responsible and liable for torts committed by all LMPD officers under the doctrine of *respondeat superior*.

## COMMONWEALTH COUNT III: FALSE ARREST

105.   Plaintiff incorporates the allegations in paragraphs 1-104 herein above by reference as if fully set forth herein.

106.   By using excessive force and spraying chemical agents at Plaintiff, Defendants LMPD Officers subjected Plaintiff to threat of a forcible physical touching as described above.

107.   At no point was Plaintiff demonstrating in protest.

108.   At no point was Plaintiff suspected of a crime by LMPD.

109.   At no point did Plaintiff consent, acquiesce, or otherwise agree to the forcible touching and threats of forcible touching as detailed herein above.

110.   As a result of the threat of forcible psychical touching being all around Plaintiff by gang-

beating and the deployment of unlawful chemical agents, Plaintiff had nowhere to run/escape and was thus, falsely imprisoned for a time against his Will for no reason whatsoever.

111.    At no point did Plaintiff consent, acquiesce, or otherwise agree to be trapped by excessive force and chemical agents.

112.    As a direct and proximate result of LMPD Officers' false imprisonment, Plaintiff suffered the damages herein alleged, including deprivations of his Rights under both Constitutions of the United States of America and the Commonwealth of Kentucky as addressed herein above.

113.    Defendants, City of Louisville and Mayor Fischer, as the employers of all LMPD officers, are responsible and liable for torts committed by all LMPD officers under the doctrine of *respondeat superior*.

## COMMONWEALTH COUNT IV: INTENTIONAL INFLICTIONS OF EMOTIONAL DISTRESS

114.    Plaintiff incorporates the allegations in paragraphs 1-113 herein above by reference as if fully set forth herein.

115.    The war crimes, batteries, assaults, false imprisonments, emotional distress, conspiracies, and deprivations of Constitutional Rights carried out against Plaintiff by all Defendants were intentional, malicious, and reckless, plus unnecessary, excessive, and unlawful without probable cause and justification.

116.    Such conduct carried out by all Defendants as described herein above against Plaintiff, or against any Citizen, is clearly outrageous and intolerable, especially having been carried out by law enforcement charged with the duty to serve and protect.

117.    That such conduct carried out by all Defendants as described herein above against Plaintiff

was observed in part by other unknown LMPD Officers who did nothing to intervene to protect and serve Plaintiff is also outrageous and intolerable.

118.    Such conduct carried out by all Defendants as described herein above against Plaintiff, or against any Citizen, clearly goes beyond the bounds of generally accepted standards of decency and morality, especially having been carried out by law enforcement with the duty to serve and protect Citizens.

119.    Having suffered pain, anxiety, hopelessness, false imprisonment, emotional distress, and physical injury at the hands of LMPD, Plaintiff was, and continues to be at times, in a state of severe emotional distress, including sleeplessness and continuous nightmares of being stalked and brutalized by corrupt law enforcement officers in his native city, Louisville.

120.    At no point was Plaintiff demonstrating in protest on September 23, 2020 in the Highlands neighborhood during the incidents of social unrest relevant hereto.

121.    At no point was Plaintiff even suspected of a crime by LMPD.

122.    At no point did Plaintiff consent, acquiesce, or otherwise agree to be trapped by excessive force and chemical agents.

123.    At no point did Plaintiff consent, acquiesce, or otherwise agree to any of LMPD's Unconstitutional and unlawful conduct/actions as detailed herein above.

124.    As a direct and proximate result of all LMPD's Unconstitutional and unlawful conduct/actions as detailed herein above, Plaintiff suffered emotional distress and the damages herein alleged, including deprivations of his Rights under both Constitutions of the United States of America and the Commonwealth of Kentucky as addressed herein above.

125.    Defendants, City of Louisville and Mayor Fischer, as the employers of all LMPD officers,

are responsible and liable for torts committed by all LMPD officers under the doctrine of *respondeat superior*.

## COMMONWEALTH COUNT V:
## FAILURES TO TRAIN, AUDIT, SUPERVISE, & DISCIPLINE

126. That the facts and allegations set forth, *supra*, in paragraphs 1 through 125 are incorporated herein by reference.

127. Properly monitored, audited, supervised, and trained police officers would not treat the Plaintiff as Defendants LMPD Officers have as described above.

128. Defendants LMPD Officers not been disciplined for their unlawful treatment of Plaintiff.

129. Defendants City of Louisville, Chief Schroeder, Assistant Chief Chavous, and Unknown Commanding Officers were reckless to, or negligently failed to recognize, the need to properly train, supervise, audit, intervene, and discipline all the individually named officers and Unknown Officers, *supra*, under their command, including limitations on the use of force.

130. As a direct and proximate result of all acts, conduct, and/or omissions by all Defendants herein described above, Plaintiff's rights under both Constitutions of the United States of America and the Commonwealth of Kentucky were violated as described above, and Plaintiff suffered serious physical pain and injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that This Honorable Court enter judgment in his favor and against Defendants as follows:

a.  Requiring Defendants to promulgate official policies restricting the use of deadly force, including deployment of chemical agents, to protest demonstration situations when a police officer or other person actually faces a real imminent risk of serious

physical danger;

b.     Requiring Defendants to promulgate official policies restricting the failures of Defendants to train, audit, supervise, and discipline LMPD officers with respect to the use of deadly force, including deployment of chemical agents, at protest demonstration sites;

c.     Awarding such damages to Plaintiff as will fully compensate him for his loss of Rights, as well as his property damage and physical/emotional injuries, owing to all Defendants' conduct/actions;

d.     Awarding punitive damages against Defendants Fischer, Schroeder, and Chavous, as well as above-named and unknown Defendants, LMPD Supervisors and Officers;

e.     Awarding reasonable Attorneys' Fees and Costs pursuant to 42 U.S.C. § 1988; and,

f.     Granting such other relief as may be just and proper.

Respectfully Submitted,

/S/ David R. Johnson
Hon. David Ross Johnson
THE LAW OFFICE OF
 DAVID ROSS JOHNSON, PLLC
821 South Second Street
Louisville, Kentucky 40203
P: (502) 569-6795, Ext. 107
F: (502) 690-8438
E: LouisvilleCounselor@Gmail.com
*Co-Counsel for Plaintiff*

/S/ Jefferey A. Gorski
Hon. Jeffrey A. Gorski
GORSKI LAW OFFICE, P.S.C.
821 South Second Street
Louisville, Kentucky 40203

P: (502) 569-6795
F: (502) 690-8438
E: JGorskiLaw@AOL.com
*Co-Counsel for Plaintiff*